## FULTON ICE & COAL CO. *v.* PECE *et al.*

After a careful review of the decision of the Court of Appeals, complained of in the petition for certiorari, this court is of the opinion that the judgment of that court should be affirmed.

No. 3657. DECEMBER 13, 1923.

Certiorari; from Court of Appeals.

A full report of the facts in this case was made by the Court of Appeals in connection with the decision rendered, and can be found in the official reports of that court. 29 *Ga. App.* 507 (116 S. E. 57).

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Hewlett & Dennis, L. Haas,* and *Bryan & Middlebrooks,* contra.

BECK, P. J. The petition for certiorari in this case contains exceptions to the holding of the Court of Appeals that the petition, except in the count which was held to be defective, set forth a cause of action against the plaintiff in certiorari, Fulton Ice & Coal Company. The applicant for certiorari criticises the holding in general terms, upon the ground that the effect of the decision is to lay down the broad doctrine that "the owner of a manufacturing plant is an absolute insurer of the safety of one lawfully on

his premises, as against latent dangers which a reasonable inspection would have disclosed, although such owner was wholly without knowledge or notice of such defect, and although nothing had happened, and there was no fact or circumstance or report or other thing from which notice might be implied, or which would put a man of even extraordinary prudence upon inquiry, and although such person was injured by an explosion of the very appliance he was employed to repair." We are of the opinion that the Court of Appeals properly ruled that the petition stated a cause of action, and that it does not by its ruling or anything said in the opinion go to the extent of stating the doctrine which, in the criticism quoted, is ascribed to the opinion. A careful study of the opinion affords no grounds from which deductions could be made that are so broad and radical as are implied in the language of the criticism. No special part of the language in the decision is separated from the general holding and challenged upon the ground that it is too broad, inexact, or erroneous. The attack upon it is general. We agree with the Court of Appeals that the decision in the case of *Dartmouth Spinning Co.* v. *Achord,* 84 *Ga.* 14 (10 S. E. 449, 6 L. R. A. 190), is not controlling in this case; for it appears from the statement of facts in that case that the machinery defective in part was put up by the plaintiff himself, that it was his business to repair it and keep it in order, that whatever defects it had he knew; and the court concluded that the risk was upon the plaintiff himself in that case, and that he had no cause of action for the injury which befell him. This is not a full statement of the facts in the *Dartmouth Company* case, but it indicates clearly that it differs in important particulars from the instant case.

Morever, in the case under review it will be observed that it is alleged in the petition that at the time the plaintiff went upon the premises to repair the particular defect in the steel drum which had ripped at the place and in the manner described in the petition, there was employed by the defendant company "as their superintendent and chief engineer one H. A. Barksdale; that the said Barksdale employed the help in said plant, fixed their wages, directed the work therein, and had general supervision and control of said plant;" and when the plaintiff went into the plant of the defendant company he found there this superintendent and general supervisor and manager of the plant, who, from all the allegations,

so far as this transaction is concerned, was the alter ego of the company; and this superintendent, occupying the position as set forth and described, "pointed out the particular drum, stating at said time that it was in good condition, except as to the ripped place." It was for the jury to say whether or not, under all the allegations of the petition in connection with this particular allegation which we have pointed out, the plaintiff assumed the risks of injury from the defects in the boiler which he could not discover by inspection. And in view of the entire petition we are of the opinion that the Court of Appeals correctly decided the issue which we have under review, and we deem it unnecessary to elaborate the arguments made by Judge Bell in his opinion in support of the ruling excepted to.

*Judgment affirmed. All the Justices concur.*