16889, 16890.   HICKMAN v. TOOLE *et al.;* and *vice versa.*

BELL, J. 1. Where there have been two current verdicts in favor of the same party on substantially the same facts, and where no error of law has been committed, and where under all the evidence the verdict is not manifestly wrong, the trial judge should not grant a second new trial. *Gregory* v. *Ga. Granite R. Co.,* 132 *Ga.* 587 (4) (64 S. E. 686) ; *Dethrage* v. *City of Rome,* 125 *Ga.* 802 (54 S. E. 654) ; *Taylor* v. *Central R. Co.,* 79 *Ga.* 330 (5 S. E. 114) ; *Vassie* v. *Central of Ga. R. Co.,* 135 *Ga.* 8 (68 S. E. 782) ; *Buford* v. *So. Cotton Oil Co.,* 23 *Ga. App.* 740 (99 S. E. 315) ; *Merchants & Miners Trans. Co.* v. *Corcoran,* 4 *Ga. App.* 654 (2) (62 S. E. 130).

(*a*) The rule is otherwise where the verdict is not supported by or is contrary to the evidence or to the weight of the evidence or is based upon evidence that is at best weak and unsatisfactory. *Hartis* v. *Central of Ga. Ry. Co.,* 30 *Ga. App.* 720 (7) (119 S. E. 349).

2. Where an independent contractor has been engaged by the owner to move, intact, a dwelling house, and where the work so undertaken has been completed and accepted by the owner in discharge of the contract, the owner will be responsible to an invitee who is injured by defects which the contractor may have caused to the building in moving it, where the owner could have discovered the same by ordinary care. *Hickman* v. *Toole,* 31 *Ga. App.* 230 (2) (120 S. E. 438) ; *Young* v. *Smith & Kelly Co.,* 124 *Ga.* 475 (52 S. E. 765, 110 Am. St. R. 186, 4 Ann. Cas. 226) ; Civil Code, § 4420.

3. The owner would not necessarily be relieved because the defect was hidden. "One may be liable for the result of a hidden defect, as well as for injurious consequences of a patent defect, unless he did not know or, in the exercise of due care, ought not to have known of such latent defect. A landlord [or owner] is liable for a defect of construction of which he knew or ought to have known." *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (62 S. E. 127) ; *Bonita Theatre* v. *Bridges,* 31 *Ga. App.* 798 (122 S. E. 255) ; Civil Code (1910), § 3694.

4. Where it appeared that such defect was the disjunction of sills, and that, although the sills were covered by the floor, the house stood several feet ("four feet or higher") above the ground, and could have been inspected without difficulty from beneath, and that such inspection would probably have disclosed the defect, it could not be said as a matter of law that the owner was in the exercise of all ordinary care, where he failed to discover the defect and then to remedy it or to give warning to an invitee of its existence; nor under such facts is a verdict finding the owner negligent contrary to the evidence or to the weight of the evidence, or based upon evidence that is "at best weak and unsatisfactory." *Fulton Ice Co.* v. *Pece,* 29 *Ga. App.* 507 (1), 514 (116 S. E. 57) ; *Martin* v. *McAfee,* 31 *Ga. App.* 690 (2 *a*) (122 S. E. 71).

5. The verdict in favor of the plaintiff was amply supported by the evidence. A careful examination of the several special grounds of the motion for new trial, all of which the court overruled, fails to disclose error. The court, having granted to the defendant a first new trial upon the ground that the verdict in favor of the plaintiff was contrary to the evidence, erred in granting to the defendant a second new trial

upon the same ground, after the jury had returned a second verdict in the plaintiff's favor upon substantially the same facts. This ruling is not altered by the circumstance that the second verdict was for a larger sum that the first, since the court expressly overruled a ground of the motion attacking the verdict as excessive and granted the new trial solely upon the ground that liability was not shown. Compare *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (2) (71 S. E. 887).

*Judgment on the main bill of exceptions reversed; on the cross-bill affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 17, 1926.

Action for damages; from Bibb superior court—Judge Malcolm D. Jones. October 2, 1925.

Application for certiorari was made to the Supreme Court.

*R. D. Feagin, J. F. Urquhart, Hallie B. Bell,* for plaintiff.

*Robert G. Plunkett,* for defendants.