## 27704. FREEMAN v. LEVY.

SUTTON, J. 1. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401.

2. "This section places upon such owner or occupier of land the duty to exercise ordinary care, for the safety of his invitees, in discovering defects or dangers in the premises or instrumentalities thereon, and imposes a liability for injuries resulting from such defects as a reasonable inspection would disclose. Such owner or occupier of land is liable for a failure to warn his invitees of dangers or defects in such premises or instrumentalities, of which he knew or of which it was his duty to know in the exercise of ordinary care." *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57).

3. "An implied invitation is one which is held to be extended by reason of the owner doing something or permitting something to be done which fairly indicates to the person entering that his entry and use of the property is consistent with the intents and purposes of the owner. . . The duty to keep premises safe for invitees extends to all portions of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of the business for which the invitation was extended, and at which his presence should therefore reasonably be anticipated, or to which he is allowed to go. . . If the invitee does not go beyond that part of the premises to which, as the situation reasonably appears to him, the invitation extends, he can not be held to have become a mere licensee because, as a matter of fact, the purposes of the invitation could have been fulfilled without going on such part of the premises." *Coffer* v. *Bradshaw*, 46 *Ga. App.* 143 (167 S. E. 119).

4. "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience, or gratification." *Petree* v. *Davison-Paxon-Stokes Co.*, 30 *Ga. App.* 490, 492 (118 S. E. 697) ; Code, § 105-402.

5. "There is a clear distinction between a 'license' and an 'invitation' to enter premises, and an equally clear distinction as to the duty of the owner in the two cases. An owner owes to a licensee no duty as to the condition of the premises, unless imposed by statute, save that he should not knowingly let him run upon a hidden peril, or wilfully cause him harm; while to one invited he is under obligation for reasonable security for the purposes of the invitation." *Smith* v. *Jewell Cotton-Mill Co.*, 29 *Ga. App.* 461 (116 S. E. 16), and cit.

6. Applying the above-stated principles of law to the facts of the present case, where in the petition as amended it is alleged that the plaintiff visited the store of the defendant "as licensee for the purpose of making a purchase in said store by invitation implied through the operation of said store by said defendant," and by his permission ascended a stair-

way in the rear of the store for the purpose of visiting a relative of plaintiff's husband, employed by tne defendant in his alteration department located on the second floor, and in descending said stairway after visiting such employee was injured by reason of alleged defects in the stairway negligently allowed by the defendant to exist but not alleged to have been known to him or to constitute a mantrap or pitfall, and where it is not alleged that such portion of the premsies occupied by the plaintiff at the time of her injury was incidental to or connected with the purchase and sale of merchandise of the defendant, or that in leaving the sales department she had gone to the alteration department upstairs for any purpose connected with or incidental to a purchase, it must be held as a matter of law that at the time of her injury the plaintiff was not on a portion of the premises to which as the situation might reasonably appear to her an implied invitation extended. Under the allegations of the petition as amended, she was not an invitee while going up and down the stairway to the alteration department to visit a relative of her husband, but was a licensee towards whom the defendant was under no duty except not knowingly to let her run upon a hidden peril or wilfully cause her harm. The petition does not charge the violation of any duty towards her as licensee; and as she is not shown to have been an invitee, the petition did not set forth a cause of action. The court properly sustained the defendant's demurrer to the petition as amended, and dismissed the action.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED SEPTEMBER 22, 1939. REHEARING DENIED OCTOBER 27, 1939.

*John C. Hollingsworth, John J. Hennessy,* for plaintiff.
*O. E. Bright, Perry Brannen,* for defendant.