This is an appeal from a judgment sustaining an exception of no cause of action. Plaintiff, in his petition, alleges that he fell down the stairway of a building owned by the defendant, in the City of Baton Rouge, and operated on the second and third floors as a hotel with the entrance thereto by vestibule on the first floor, fronting on Third Street, and a stairway leading therefrom to the second floor. Plaintiff alleges that he had visited a group of friends in one of the rooms of the said hotel, at *West Page 72 
least one of whom was a guest of the hotel; that while descending the stairway in the act of leaving the hotel he tripped and fell down to the vestibule at the entrance, striking himself against the wall, and sustaining the severe injury set out in his petition, for which he claims damages. Plaintiff alleges that the cause of his tripping on the said stairway, when he was about half way down from the second floor to the entrance, was some old worn and torn mats on the stairway which were in need of repair and which had holes and slits in them, creating a kind of trap to his feet as he descended the stairway; that the said stairway was extremely dimly lighted and that there were no handrails on either side for holding on, thus making it impossible for him to regain his balance after tripping or to steady himself while descending the stairway. In other words, the charges of negligence against the defendant are: (a) In permitting the mats on the steps to become in such condition as to cause him to trip and fall and in failing to properly keep the stairway in a proper state of repair; (b) in failing to provide handrails on the sides of the steps; (c) in failing to maintain proper lighting of the steps; all of which caused a trap to those lawfully upon the premises.
From the allegations of plaintiff's petition, which, for the purpose of passing on the exception, must be accepted as proven, the plaintiff must be regarded as a person lawfully upon premises in which defendant was operating a hotel. The question of the ownership of the premises, for the determination of this case, has practically no bearing on the case. We are of the opinion that this case, if liability is to be found, rests on Articles 2315 and 2316, Civ. Code. Article 2315 provides that: "Every act whatever of man that causes damages to another, obliges him by whose fault it happened to repair it". Article 2316 provides: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." These articles and the articles following form the basis of our tort law.
The learned counsel for the defendant very properly says that there must be a duty before there can be negligence; but when he says that since plaintiff was only a guest of a guest of the said hotel, defendant did not owe to the plaintiff any other duty but not to wantonly and willfully cause him injury, and that since plaintiff had made no such showing, then the exception was properly sustained and plaintiff's suit properly dismissed and that the judgment should be affirmed, we cannot agree with him.
It is our opinion that by the very nature of conducting a hotel, the keeper or operator invites the public to visit the premises and the hotel guests. Plaintiff had an implied if not a tacit invitation and permission to visit the guests of the hotel. We are further of the opinion that the owner and operator of a hotel is under duty to furnish safe premises which may be used by persons legally therein in the ordinary and reasonable way without injury. We are further of the opinion that the owner and operator of a hotel should provide reasonably safe ways of ingress and egress for those legally therein and should exercise care to keep a stairway and vestibule well lighted and free from obstructions. However an improper motive or purpose in going to a hotel will alter the status of such persons rendering them trespassers to whom the hotel operator owes no duty except to abstain from willful or wanton injury.
Viewing the action from this standpoint, plaintiff's petition sets out the facts that defendant was negligent in his duty towards him, in not providing a safe way of ingress and egress and in his failure to exercise ordinary care to keep the stairway and vestibule well lighted and free from obstructions.
We admit that the operator and owner of a hotel is not the insurer of his guests nor of those visiting the guests. Plaintiff was legally in the building and was injured without any contributing fault on his part and as the result of the negligence charged to the defendant, whose duty it was to see to the safety of the stairway. Whether or not the plaintiff can sustain his action on the trial upon the merits is another question which has not yet been before the district court. On the trial of the case, the defendant may prove that he was free from any negligence and be absolved from any liability. Defendant is not required to foresee, however, that an accident may happen, all of which goes to the merits of the case rather than to the exception of no cause of action. We are of the opinion that a cause of action is alleged and that the exception should have been overruled. *West Page 73 
For these reasons assigned, it is ordered, adjudged and decreed that the judgment of the district court be, and it is hereby annulled, avoided, and reversed; and it is now ordered, adjudged and decreed that the exception of no cause of action be overruled and that the cause be reinstated in the District Court for the Parish of East Baton Rouge, there to be proceeded with in accordance with the law and the views herein expressed, defendant to pay costs of this appeal, all other costs to await the final determination of the suit.