THOMAS, Justice.
The appellants, husband and wife, lost in their action against the appellee to recover damages suffered when the wife stumbled and fell in the store of the appellee, a so-called “one man” corporation dominated, operated and controlled by appellants’ son.
The salient facts are simple. Evidently the appellee’s place of business consisted of a shop where shirts were made and a store where the products of the shop were sold. The appellant-husband had taken to his *45 home some shirts “in embryo-” for the purpose of working on them in the evening. The next morning he forgot to take them back to the store. When the appellant-wife discovered the oversight she proceeded to return the shirts to the store and to deliver them to her husband in the shop. While there,'she decided to' go to a rest room located on a balcony. As she was ascending the stairs her foot caught on the worn carpet covering the steps, she fell and was injured.
The appellants take the position that Annie Eisen was a business invitee; the ap-pellee contends she was a mere licensee; the court sided with the appellee and entered a summary final judgment in its favor.
Apparently the appellant-husband' and -wife and the son derived a livelihood from the business, and the appellant-wife had had for many years the run of the premises inasmuch as the business had been operated by the appellant-husband before the son took over.
Considering the relationship of the parties, the nature of the appellant-wife’s errand and the common interest of all the patties in the business, we are impelled to the view that the circuit judge made no mistake when he ruled in appellee’s favor. The appellant-wife was not expressly or impliedly invited to the place by the appellee, Sportogs, Inc., or by her son, the proprietor. In all the circumstances, we think it cannot be said that she was a business visitor. She went to the store on her own account as an accommodation to her husband who was, in effect, her son’s employee.
None of the facts was in dispute and we fail to find any fact that may be construed as an invitation from appellee to appellant-wife to enter the place. She gratuitously went there and apparently had no thought but to make the delivery to her husband. We think that she was a gratuitous visitor when she entered, and that after she delivered the shirts to her husband and set off on her independent mission to the balcony, any doubt about her status at the time she entered the store was dispelled for from that moment on she was plainly a licensee. Napier v. First Congregational Church of Portland, 157 Or. 110, 70 P.2d43; Freeman v. Levy, 60 Ga.App. 861, 5 S.E.2d 61.
The judgment should be and it is—
Affirmed.
DREW, C. J.,- ROBERTS,' J., and PRUNTY, Associate Justice, concur.'