90 So.2d 460 (1956)
Essie STEINBERG and Louis Steinberg, Appellants,
v.
IRWIN OPERATING CO., a Florida Corporation, Appellee.
Supreme Court of Florida. Division A.
November 9, 1956.
Warren, Klein & Moore, Miami Beach, for appellants.
Steve M. Watkins, Truett & Watkins, Tallahassee, and Roland W. Granat, Miami Beach, for appellee.
THORNAL, Justice.
Appellants Steinberg, plaintiffs below, seek reversal of a summary final judgment in favor of the appellee, Irwin Operating Co., defendant below.
We are called upon to determine whether appellant, Essie Steinberg, was an invitee or a licensee on the premises of the appellee, *461 a hotel operator, at the time she was injured.
Appellant, Essie Steinberg, accompanied two friends to the Cadillac Hotel operated by appellee. The purpose of the mission was to enable one of the friends to deliver a message to a registered guest at the hotel. Inquiry at the desk revealed that the registered guest was not in. Thereupon Mrs. Steinberg and her friends decided to explore various lounges and other rooms adjacent to the lobby. This was done for their own diversion. They first went into a "TV Room". They didn't like the program then showing. They then apparently attempted to enter an adjoining "Movie Room". This room was dark except for the light cast by the movie screen and projector. The floor level of the "Movie Room" was four inches lower than the floor level of the "TV Room". Claiming that she did not see the difference in level, Mrs. Steinberg fell and suffered injuries. She and her husband filed a complaint seeking compensation for damages resulting from the alleged negligence of appellee. The alleged negligence was the difference in the floor level. Appellee moved for summary judgment. The trial judge granted the motion. He stated in his order that it was his opinion that Mrs. Steinberg was a mere licensee and as a matter of law was not entitled to recover under the circumstances. Final judgment was entered for appellee. Reversal of this judgment is now sought.
Appellants contend that, at the time of the alleged injury, Mrs. Steinberg was an invitee of the hotel. They seek recovery on the theory that the hotel was obligated to furnish its invitees with reasonably safe premises.
Appellee contends that Mrs. Steinberg was merely a licensee. They assert that the only duty owed to her was to refrain from wilfully or wantonly injuring her.
There is no doubt that a registered guest of a hotel is a business invitee and is entitled to receive the degree of care applicable to invitees. We are of the view that one entering a hotel to communicate with a registered guest is entitled to receive and enjoy the same degree of care. This rule is subject to the limitations hereafter expressed. A hotel is not to be considered an insurer of the safety of every person who decides to roam around its lobby or other public rooms. On the other hand, by the very nature of the business, the operator of the hotel is bound to anticipate that a registered guest is apt to have business and social callers. The invitation to such callers arises by operation of law out of the relationship between the hotel and its registered guests. The operator of the hotel should provide reasonably safe ways of ingress and egress for those legally entering and leaving the place pursuant to the implied invitation implicit in the relationship between hotel operator and registered guests.
However, this implied invitation is not without its limits. The invitation to enter the hotel to visit a guest is circumscribed by the rule that it extends only to appropriate usage of the means of ingress and egress, such as, the lobby, elevator, hallways and room area rented to the guest.
It would be stretching the doctrine of implied invitation beyond justifiable limits to hold that such invitation extends to all of the private or semi-public rooms of the hotel. When the visitor crosses the boundaries of the invitation, he ceases to be an invitee. His status then changes to that of a licensee or even a trespasser. He is entitled to the status of an invitee only to the extent justified by the implied invitation. Eisen v. Sportogs, Inc., Fla. 1956, 87 So.2d 44; Freeman v. Levy, 60 Ga. App. 861, 5 S.E.2d 61; Shearman and Redfield on Negligence, Vol. 4, Sec. 779, p. 1787; Noyes v. Fisher, 118 Fla. 494, 159 So. 666. On the general relationship between a hotel operator and visitors of a guest, see Williams v. Mayer, La. App., 4 So.2d 71.
*462 Applying these rules to the case before us, it is perfectly clear that Mrs. Steinberg enjoyed the status of an implied invitee when she entered the hotel lobby. This status continued so long as she used the facilities of the hotel reasonably included within the invitation. When, for her own pleasure and convenience, she crossed the bounds of the invitation and on her own initiative sought entertainment in the "TV Room", and later in the "Movie Room", she became at most a licensee. While she was in this status, the hotel owed to her only the duty to refrain from wilfully or wantonly injuring her. The record is clear that there was no wilful or wanton injury. On the legal status of an invitee and licensee see City of Boca Raton v. Mattef, Fla., 91 So.2d 644.
The judgment is affirmed.
DREW, C.J., HOBSON, J., and KNOTT, Associate Justice, concur.