38424. KNOWLES v. LARUE, by Next Friend.

DECIDED SEPTEMBER 8, 1960.

*Fullbright & Duffey, Henry J. Fullbright, Jr.,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt, E. Lamar Gammage, Wade C. Hoyt, Jr.,* contra.

BELL, Judge. The only question to be resolved in this case is whether the petition as amended sets out a cause of action against the defendant. Nine separate allegations of negligence are charged by the plaintiff's petition: "(a) In allowing trash, paper and other litter to accumulate around the sides and edges of said pool and in the swimming and diving area. (b) In allowing water to accumulate in puddles around the sides and edges of said pool and in the swimming and diving area. (c) In allowing and permitting said pool to be constructed so as to have said drainage trough and the edge of said drainage trough extending out from the edge of the pool and concealed by the water in said pool, thereby creating an extremely dangerous situation and swimming area for swimmers and divers. (d) By failing to properly inspect said swimming pool and the construc-

tion of said pool so as to have discovered the dangerous location of said drainage trough and its sharp edge. (e) In failing to warn the public generally, and petitioner in particular, of the dangerous location and condition of said drainage trough and its sharp edge. (f) By permitting said drainage trough to remain in said swimming pool after actual knowledge of its dangerous location and condition. (g) In defendant's agent lifting, moving and rotating the head and neck of petitioner contrary to standard and approved medical procedure for treating a person having a head and neck injury. (h) In defendant's agent moving petitioner's head and neck after he knew or should have known of petitioner's injury and the seriousness thereof. (i) In employing life guards which he held out and allowed them to be held out as having competent first aid knowledge and skill when, as a matter of fact, said life guards were not competent and did not have the necessary skill in first aid or medical skill to render aid to stricken and injured swimmers."

Initially let us say that it is clear from the petition that the plaintiff was an invitee on the defendant's swimming pool property.

Under *Code* § 105-401 the owner or occupier of the land is liable in damages to those expressly or impliedly invited upon the premises for such damage as is occasioned by his failure to exercise ordinary care to keep the premises and approaches safe. Ordinary care or diligence is defined in *Code* § 105-201 as that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. A legion of decisions by this court have pronounced the rule that questions of negligence and diligence are ordinarily referred to the jury for settlement. Thus, such questions are for the jury, and the courts will decline to solve them on demurrer except in plain, palpable, and indisputable cases. *Holland v. Boyett,* 212 Ga. 458 (93 S. E. 2d 662), *Henderson v. Henderson,* 94 Ga. App. 64 (93 S. E. 2d 822). Where reasonable minds might disagree as to whether the alleged acts constitute an action of negligence, a question for the jury is presented. *Atlantic Coast Line R. Co. v. Coxwell,* 93 Ga. App. 159 (91 S. E. 2d 135). Negligence is a question particularly for the jury. *Harris v. Combs,* 96 Ga. App. 638, 644 (101 S. E. 2d 144).

Where the danger is not apparent, the possessor of the land has the duty to exercise ordinary care to make the condition reasonably safe or to give a warning adequate to enable the invitee upon the premises to avoid harm. See II Restatement of Torts § 343. An allegation of the petition here charges, among other things, that the defendant was negligent in having a concealed or partially concealed drainage trough located around the edge of the pool. As against a general demurrer, this alone seems to be a sufficient allegation of negligence. In addition to this, another specification authorizes the introduction of evidence from which a jury might find that the defendant was negligent in allowing trash, paper, and other litter to accumulate around the edges of the pool and in the swimming and diving areas. The same conclusion also applies to the allegation that the defendant was negligent in failing to give the plaintiff warning of the hazards which the drainage trough created.

The other alleged acts of negligence relate to the employment of the lifeguard who, it is contended, was held out as having competent first aid knowledge and skill which he either did not have or did not exercise, and produced the paralysis of the plaintiff by rotating his neck in an apparent effort to revive the injured one. Whether there is any duty upon the proprietor of a swimming pool to employ lifeguards who have skill in first aid generally, we do not find it necessary to decide. However, we do not eliminate the possibility that a jury in this case could find that the efforts, allegedly negligent, of the lifeguard to revive the injured person were within the general scope of his employment, and thus would bind the employer under the principles embodied in *Code* § 105-108, to wit: "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary." See *Prince v. Brickell,* 87 Ga. App. 697, 700 (75 S. E. 2d 288).

Taking the acts of negligence of the defendant as alleged in the petition, we hold that they are sufficient upon proper proof to submit the case to the jury, whose peculiar province it is to determine these issues of negligence and diligence.

Coming now to the assertion of the general demurrer that the petition shows on its face that the plaintiff's own negligence caused his injuries, we hold that this issue too, the issue of contributory fault or assumption of risk, is for the jury to unravel. The petition alleges that the plaintiff had no knowledge of the presence of this almost completely hidden drainage trough. Furthermore, it is certainly clear that the petitioner could not foresee or anticipate the lifeguard's twisting his neck after his injury. The defendant argues that the plaintiff is barred from recovery because of his own intentional and wilful action in attempting to perform a back dive or back flip from a wet concrete surface at the edge of a swimming pool. We cannot conclude as a matter of law that we should hold that diving from the edge of a swimming pool is such negligence as to bar the petitioner from recovery for his injury sustained when he strikes an allegedly concealed dangerous condition. Again, we perceive this to be a matter for the jury to pass upon. The question as to whether or not the plaintiff is in the exercise of ordinary care is a question of fact to be passed on by the jury. *Johnson v. Collins*, 98 Ga. 271 (26 S. E. 744); *Townley v. Rich's, Inc.*, 84 Ga. App. 772 (67 S. E. 2d 403). "One cannot be continuously on the lookout for unsafe conditions. . . The general rule that issues of negligence are peculiarly for the determination of the jury will be followed here." *Martin v. Henson*, 95 Ga. App. 715, 738 (99 S. E. 2d 251). In this case the issues of negligence of the defendant and the contributory fault of the plaintiff, we conclude in obedience to abounding authority, are questions which should not be resolved by this court as a matter of law. "The question cannot be resolved as a purely legal question because obviously it is one concerning which reasonable men might differ." *Cooper v. Anderson*, 96 Ga. App. 800, 809 (101 S. E. 2d 770).

The trial court did not err in overruling the defendant's demurrer to the petition as amended.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*