### 41939. ANGEL v. THE VARSITY, INC.

DEEN, Judge. Appellant in this "slip and fall" case concedes that no cause of action is set out based on the theory that the defendant proprietor had actual knowledge of the presence of a slippery foreign substance on the floor of its restaurant, or that the substance had been there long enough so that the defendant should be charged with constructive notice of it. *Jones v. West End Theatre Corp.,* 94 Ga. App. 299 (94 SE2d 135); *Campbell v. H. L. Green Co.,* 76 Ga. App. 477 (46 SE2d 351); *Ford v. S. A. Lynch Corp.,* 79 Ga. App. 481 (54 SE2d 320). Negligence is, however, sought to be predicated on the construction and maintenance of the premises through allegations that a large part of the food sales of the defendant were wieners, hamburgers and sandwiches; that counters were

provided where catsup and other condiments were available for customers to use in seasoning their food, the customers squeezing the containers while standing at the serving bars and then carrying the food to seats, and that the defendant knew that customers regularly and habitually dropped catsup and other condiments on the floor, which was reddish brown in color and thus furnished no contrast to catsup which fell upon it, and was indistinguishable from it. The petition alleges negligence in maintaining a floor of this coloring under the circumstances, in providing catsup under these conditions, in failing to take necessary precautions, including "constant patrol of the premises and inspection of the floor" to remove any catsup so dropped; in failing to warn customers of the likelihood of condiments falling to the floor; and in permitting so many customers on the premises that the plaintiff and others could not inspect the floor for themselves.

The duty of the proprietor is only to exercise ordinary care to keep the premises safe. *Code* § 105-401. What ordinary care is must be determined in part by the standards of care generally regarded as adequate in similar situations. In *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170 (138 SE2d 77) it is pointed out that everybody knows that entrance ways to stores are tracked over on rainy days and rendered more slippery, but there is no duty on the part of a proprietor constantly to mop up rainwater as fast as it may be brought in. "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property." Id., p. 173. Indubitably, most eating establishments allow customers to add their own condiments to their food; many place them on shelves away from the chair where the customer will ultimately sit; whatever the arrangement, it is equally obvious to both proprietor and customer. This petition does not allege that the floor covering was negligently installed or maintained but merely that it was the same color as the catsup; however, other condiments, such as mustard, salt, pepper and relish were also provided and any floor covering used might well approach one or another of them in color. The allegation that not to constantly inspect and patrol the floor area was negligence is a conclusion in the absence of facts showing the premises to be unusually dangerous, for, as stated in *Gibson*, supra, there is usually no duty on a proprietor to go to

such extreme lengths in the exercise of ordinary care. Under similar circumstances Georgia courts have uniformly held that where the customer slips on a substance placed on the floor by others than the owner, it is necessary to allege either that the defendant had knowledge or that under the circumstances he was chargeable with constructive knowledge of its existence. That this is particularly applicable to spilled foods and liquids see *Wootton v. City of Atlanta,* 101 Ga. App. 779 (115 SE2d 396); *Ward v. Veterans of Foreign Wars,* 109 Ga. App. 563 (136 SE2d 481); *Watson v. McCrory Stores, Inc.,* 97 Ga. App. 516 (103 SE2d 648).

The trial court did not err in sustaining the motion to dismiss the petition.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

ARGUED APRIL 5, 1966—DECIDED APRIL 20, 1966.

*Webb, Parker & Ferguson, John Tye Ferguson,* for appellant.
*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., Gregg Loomis,* for appellee.