45390, 45391. HOLTZCLAW v. LINDSAY (two cases).

HALL, Presiding Judge. Husband and wife plaintiffs appeal from the grant of a summary judgment to defendant in two suits for injuries sustained by the wife when she slipped on ice in front of defendant's place of business.

The petitions allege that defendant is the proprietor of a beauty parlor. When plaintiff wife entered his shop (about 11 a.m.) it was cold and drizzly outside. By the time her beauty treatment was completed, about two and a half hours later, the temperature had dropped and a thin coat of ice covered the platform in front of the door. Carrying a child in her arms, she attempted to cross the platform and fell. Plaintiffs further allege that defendant had superior knowledge of this dangerous condition because the wife was sitting in a booth from which she could not see outside; while defendant's receptionist was sitting near a window, some employee went out for food during the time in question, and a weather report was broadcast over the shop radio.

The facts in this case are undisputed and the sole question at issue is whether the defendant owed or violated any duty toward the plaintiff. "The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he had invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon*

*the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 173 (138 SE2d 77). See also *McKnight v. Guffin,* 118 Ga. App. 168 (2) (162 SE2d 743); *Feldman v. Whipkey's Drug Shop,* 121 Ga. App. 580 (2) (174 SE2d 474). This court has decided several cases over the past few years which are controlling in the case sub judice. While there were dissenting opinions in some instances, the holdings have been consistent.

"This court has held . . . that a business proprietor cannot reasonably be expected to prevent the presence of some water on a normal floor during a period of time when it is continually raining. *Gibson v. Colsolidated Credit Corp.,* 110 Ga. App. 170 (2c) (138 SE2d 77); *Card v. Chichester's Baconfield Pharmacy,* 111 Ga. App. 358 (141 SE2d 790); *Angel v. Varsity, Inc.,* 113 Ga. App. 507 (148 SE2d 451)." *Bryant v. Rucker,* 121 Ga. App. 395, 396 (173 SE2d 875). As the court said, in the *Angel* case: "There is usually no duty on a proprietor to go to such extreme lengths in the exercise of ordinary care." The *Bryant* and *Gibson* cases were whole court decisions. It seems axiomatic that if a business proprietor is not required to be continually mopping up rainwater which is brought inside his store by customers, he is certainly not required to be continually mopping up rainwater outside his store in the falling rain. The same principle should also apply to a continuing drizzle which is freezing because of the temperature. See *Fincher v. Fox,* 107 Ga. App. 695 (131 SE2d 651) and the recent case *Auerbach v. Padgett,* 122 Ga. App. 79 (176 SE2d 193). The plaintiff's own testimony is that it was "drizzling" when she left and that "ice" had formed because of the cold weather. We see no *duty* or breach of duty here on the part of the defendant.

The plaintiff generally alleges defendant's constructive superior knowledge of the icy condition. However, the plaintiff testified that a radio was playing in the shop and prior to leaving she heard someone say—"It looks bad outside." The plaintiff actually stood outside a few seconds on the platform before she ventured forth—she went to the door and opened it, stepped

one foot out, she saw it was drizzling and cold, she reached back and picked up her baby, made another step, turned and closed the door, took another step and slid down.

These undisputed facts pierced the allegations of the plaintiff's pleadings as to defendant's superior knowledge and cast the burden on the plaintiffs to produce counterproof or suffer judgment. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304 (138 SE2d 580); *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 768 (115 SE2d 374). The rather tenuous assumptions plaintiff urges— that the receptionist sitting inside in the front of the shop could have seen through the glass door and should have noticed that the ice (which plaintiff said had no color) was forming; and that (based on a snatch of conversation plaintiff overheard concerning sending out for hamburgers) someone may have gone out and come back via the platform some two hours prior to plaintiff's departure, could have noticed ice was forming (if it was forming at 11:30 a.m.) and should have communicated this fact to the management—did not create a jury question as to whether the proprietor had knowledge superior to that of the plaintiff concerning the icy condition of the platform.

The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Eberhardt and Quillian, JJ., concur. Pannell, Deen, Whitman and Evans, JJ., dissent.*

ARGUED JUNE 9, 1970—DECIDED OCTOBER 28, 1970.

*Greer & Murray, Frank J. Klosik, Jr.,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Edwards, Bentley, Awtrey & Parker, Fred D. Bentley, Sr.,* for appellee.

DEEN, Judge, dissenting. "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." *Code* § 105-401. The beauty parlor here could be approached only by a platform leading to the front door. There was one step up from

ground level to the platform and one step up from the platform through the front door to the front room. Thus, a person leaving had to open the door and immediately take a step down. The plaintiff testified: "I put my coat on and put the baby's coat and hat on and then I stepped to the door and opened it and stepped one foot out and I was kind of . . . back to the left a little bit and I reached back and picked the baby up and stepped my other foot out the door and turned around and closed the door and then when I started to take another step is when I . . . slid down." I do not think this testimony shows, as the majority opinion states, that plaintiff "actually stood outside a few seconds on the platform before she ventured forth." The argument is used to show contributory negligence on the part of the plaintiff and I fail to see how it bars her, as a matter of law. To do so it would have to show that the mere fact of stepping down one step from the door to the platform while picking up a baby and closing the door was sufficient in and of itself to give her equal or superior knowledge that the rainwater on the platform was icing over. Anyone who ever walked out a door under these conditions knows this is not necessarily so. I therefore do not think the motion for summary judgment should be granted because of contributory negligence on the part of the plaintiff. Where reasonable minds might differ as to whether the plaintiff's negligence was such as to bar her from recovery the question is for the jury. *Stapleton v. Amerson,* 96 Ga. App. 471 (100 SE2d 628).

As to the defendant's negligence, the question is not only whether the employees of the store should have kept the entrance platform free from ice, which they well might not have been able to do, but whether they should have been chargeable under the facts alleged with knowledge that the wet platform was in fact freezing over, and with knowledge that the plaintiff was stepping down onto an icy area with an infant in her arms, and with a duty to warn her of the hazard of leaving by the only possible exit from the room. A duty rests on the proprietor to warn the customer of defects in the premises of which he knows or should know in the exercise of ordinary care. *Fulton Ice &c. Co. v. Pece,* 29 Ga. App. 507 (116 SE 57), aff. 157 Ga. 105 (120 SE 636); *Hickman v. Toole,* 35 Ga. App. 697 (134 SE 635); *Mortgage Comm.*

*Serv. Corp. v. Brock,* 60 Ga. App. 695 (4 SE2d 669); *Freeman v. Levy,* 60 Ga. App. 861 (5 SE2d 61); *United Theatre Enterprises v. Carpenter,* 68 Ga. App. 438 (23 SE2d 189); *Sheffield Co. v. Phillips,* 69 Ga. App. 41 (24 SE2d 834); *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48). Where the danger is not apparent the proprietor has a duty to exercise ordinary care to discover it and "to give a warning adequate to enable the invitee upon the premises to avoid harm." *Knowles v. LaRue,* 102 Ga. App. 350 (116 SE2d 248). The depositions and affidavits here show, at the very least, that the plaintiff did not sit in a location where she could see out the window during her stay in the beauty parlor, and that ice had not formed when she went in and had formed when she came out. On the other hand, one employee of the beauty parlor at least was sitting in a position where she could look out and another actually went outside during this time. To me this creates a jury issue as to whether the proprietor should have known of the icy condition outside and therefore owed a duty to the plaintiff to give her warning of the slippery platform.

I am authorized to state that Judges Pannell, Whitman and Evans concur in this dissent.