ECONOMY CASH AND CARRY CLEANERS, INC., Plaintiff in Error, v. ETHEL GITLIN, a single woman, Defendant in Error.

1 Sou. (2nd) 191
Special Division A
Opinion Filed February 25, 1941
Rehearing Denied April 1, 1941

*McKay, Dixon & DeJarnette* and *Louis Heiman,* for Plaintiff in Error;

*Edward H. Brown, Simonhoff & Simonhoff* and *Knight & Green,* for Defendant in Error.

CHAPMAN, J.—This writ of error presents for review a final judgment in the sum of $1,500.00 entered for the plaintiff below by the Circuit Court of Dade County, Florida, and the recovery was based on the negligence of the defendant as charged in two counts of the declaration, viz.: (a) the defendant failed and omitted to keep a certain chair used in its business in a proper state of repair, and carelessly and negligently allowed it to remain in unrepair and in a dangerous condition to persons occupying it; (b) the metal chair furnished by the defendant for the use of its customers was faulty and defective and in an unsafe condition for the use or occupancy of the customers of the defendant; that the defendant knew, or by the exercise of due care should have known, that the said chair was faulty and defective and unsafe for the users thereof; that plaintiff when in defendant's place of business as a customer seated herself in the chair, the same collapsed and the plaintiff fell to the floor with great force and violence and was injured.

The case was submitted to a jury on pleas of not guilty and contributory negligence to the declaration and each count thereof. Motions on the part of the defendant for a directed verdict were made at the conclusion of the plaintiff's case, and, after all the testimony had been submitted, were denied by the trial court. A motion for a new trial

was duly presented and duly considered and an order denying the same made and entered.

The chair in which the plaintiff is alleged to have sustained personal injuries has been certified to this Court and has been carefully examined and considered. When the seat is in the correct position, it is fastened or secured by hooks or clamps attached to the seat and clamped to an iron bar or frame of the chair at the front, and when the seat is properly fastened, it is designed and intended to support the weight of the occupant. If the hooks or clamps are securely fastened then the chair is safe for occupancy, but if the hooks or clamps are unfastened, the seat of the chair may give way and the occupant may fall. A careful inspection or examination is required to determine whether or not the hooks or clamps on the seat of the chair are fastened or unfastened. The chair was purchased or bought by an officer of the defendant corporation, or at his direction, and placed in its place of business for the use and convenience of its customers, and there the plaintiff is alleged to have sustained an injury. If the hooks or clamps of the seat are securely fastened to the cross bar of the frame at the front, then the seat is incapable of giving way and doing an injury to an occupant. It is possible for a person handling the chair or an occupant on leaving the same to unknowingly dislodge or unfasten the hooks or clamps at the front thereof from the cross bar of the frame, and while in this condition the chair may become a dangerous instrumentality.

In the case of J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45, Ann. Cas. 1913C 564, the defendant was engaged in a general machinery and hardware business in the City of Jacksonville and permitted or allowed a hole six feet by four feet to exist in the floor of one of the store rooms opening into a basement below said floor. The plain-

tiff below, without knowledge or notice of the existence of the hole, while in the store for the purpose of purchasing some articles handled by the defendant, fell into said hole and sustained injuries. Suit was brought to recover because of the negligence of the defendant in permitting or allowing the hole to remain in the floor where plaintiff fell and was injured. This Court, in sustaining the plaintiff's action, in part said:

"Those who impliedly invite others upon their premises, for purposes of lawful business, are by law required to have and keep the premises in a reasonably safe and suitable condition for the purposes of the particular business; and if a failure to observe this duty proximately causes injury to one lawfully on the premises in connection with the business, compensatory damages may be recovered if the injured person is not at fault.

"If the negligence of the injured person contributes in any appreciable degree to the injury received by him as a result of another's negligence, damages cannot be recovered for the injury under the principles of the common law; and these principles have not been changed by statute in this State except as to injuries to persons and property caused by the running of locomotives, cars and machinery of railroad companies.

"The law contemplates that in any given case a normal adult person shall take due care for his own safety and protection, which is such a care as an ordinarily prudent person would exercise under the circumstances.

"Where a normal adult person, while exercising such care for his own safety and protection as an ordinarily prudent person would do under the circumstances, is injured as the proximate result of the negligence of another, contributory negligence is not imputed to the injured person.

"One who conducts a store or place for the sale of goods

impliedly, if not expressly, invites the public to come into his place of business, and he owes them a duty with respect to their safety which may vary with the circumstances of each case.

. "A customer may, while in a place where the proprietor of the store displays goods for sale, reasonably expect to be in safety, unless warned of danger, not only while making examination or bargain, but also while waiting for delivery of purchases. . . ."

See Southern Express Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C 1208; Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658.

Counsel for plaintiff in error contend that the case at bar is ruled by Reichenbach v. New Alamac Hotel Corp., 141 Fla. 797, 194 So. 250. The plaintiff in the Reichenbach case was a woman weighing approximately 175 pounds and the chair giving way under her weight was of the folding bridge type, having a seat of thin pressed wood at the bottom and sides. Its construction design and use were never intended to support and uphold 175 pounds. The plaintiff had the opportunity of selecting a larger chair but selected the one upon which she sat, unfolded it, had ample opportunity to inspect the same, placed it at the place selected by her, had full knowledge of the delicate type of the chair and of her own weight. We are unable to follow the argument or contention of counsel in this regard.

It is next contended that the defendant had no knowledge of the defective condition of the chair; had used it in its place of business for more than one year without knowledge of its defective condition, and that the plaintiff had occupied the chair prior to sustaining her injuries and for these several reasons, as a matter of law, recovery cannot be had by the plaintiff. It appears to us that these several contentions are disputes and conflicts of facts appearing in the

testimony to be settled by a jury under appropriate instructions. We have carefully considered the charges or instructions of the trial court and fail to find error.

The judgment appealed from is hereby affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.