Defendant owns and operates a restaurant and cocktail lounge on Dixwell Avenue in the city of New Haven. On the early evening of May 13, 1953, the plaintiff, a young man then twenty-two years of age, went to the defendant's establishment and joined some friends in the cocktail lounge to view a television program. The chairs placed in the lounge for the accommodation of patrons were of a metallic structure, as evidenced by the defendant's exhibits. While the plaintiff was seated in one of these chairs, it tipped forward and caused him to fall upon the wooden floor. In this action the plaintiff seeks to recover from the defendant damages of $5000 for injuries to his back alleged to have resulted from the episode.
Parenthetically, it is observed that there is a variance between the allegations in the complaint describing the kind of chair upon which the plaintiff sat and the character of the floor of the lounge, and the proof offered. Counsel for the plaintiff admits *Page 57 
the differences between these aspects. The court will consider the case from the standpoint of the proof submitted.
Granting that the status of the plaintiff was that of an invitee, and that the defendant was owing him the duty to maintain his premises in a reasonably safe condition for his reception, the court cannot find that the defendant in any particular violated his duty to the plaintiff. Neither the chair upon which the plaintiff sat nor the wooden floor upon which it rested can be found to have been of such a character as to have imposed legal liability upon the defendant for the episode in question. In short, that episode uniquely comes within the realm of the kind of a happening best described as a "freak accident" which cannot be attributed to any dereliction on the part of the defendant.
Research by the court has uncovered two cases of other jurisdictions in which a somewhat similar occurrence was considered by appellate tribunals. See Economy Cash and Carry Cleaners v. Gitlin,146 Fla. 242, 1 So.2d 191 (1941), and Clark-Daniel's,Inc. v. Deathe, 131 S.W.2d 1091 (Tex.Civ.App. 1939). In the cases cited, jury verdicts for the plaintiffs therein were affirmed on appeal. Their results, however, are explainable on the basis that the plaintiffs therein were deemed to have demonstrated sufficiently by their proofs that the defendants were in fact negligent in one or more particulars. In the case at bar the plaintiff is found not to have sustained this required burden of proof.
What the trial court had to say in a recent Hartford County case in exonerating a defendant of negligence is singularly applicable to the case at bar: "[I]f one desires complete protection against the ordinary hazards of everyday existence such as falls and illnesses, and the resulting burden of medical *Page 58 
expenses and disability, a personal health and accident policy, the benefits of which are not dependent upon the determined liability in law of some other party, is the only solution." Deptula v. New BritainTrust Co., 19 Conn. Sup. 434, 437, 116 A.2d 773.
 Let judgment enter for the defendant.