ALLEN, Chief Judge.
The appellant, as plaintiff below, brought an action against the Self Service Shoe Store, appellee here, for damages she claims by reason of sitting on a canvas stool or chair which collapsed while she was sitting thereon in the defendant’s store. At the conclusion of the plaintiff’s evidence, the lower court directed a verdict for the defendant-appellee. This appeal is from the final judgment entered for the defendant.
The lower court, in directing the verdict for the defendant, said:
“The Court: Gentlemen of the jury, the law permits the Court first to pass upon whether there is any negligence in the case.
“In the testimony in this case from the two employees Signleton (sic) and Coburn, were that this stool was placed there for the use of employees to straighten shoes on the bottom of the rack. The charge of negligence is the defendant merchant furnished this stool for customers to use while trying on shoes.
“Testimony further indicates that there are benches or seats provided for her to try on shoes and that she didn’t use those benches even though one bench was two or three feet away and the next was eight feet away, and I have concluded that there is no negligence, and I have directed one of you gentlemen to sign a verdict for the defendant.
*812 “Now, a merchant is not an insuror of the store. He is required to see that it is a safe place and he did do that because this camp stool was not furnished for the customers to sit on. So this concludes it when one of you all sign it as foreman, and our case for today is finished.”
It is argued that the lower court based his order for a directed verdict for the defendant upon the theory that the proof did not meet the allegations of the complaint in that the plaintiff charged that the negligence of the defendant was furnishing a stool for customers to sit on while trying on shoes, and that the testimony showed that the defective stool in question was not provided for customers but for the employees of the store.
An examination of the complaint of the plaintiff below divulges that while Count I is predicated on the premise that the plaintiff sat down on a stool provided by the defendant for customers to use while trying on shoes, and that the said stool collapsed, etc., Count II of the complaint is based on the theory that while on the premises of the defendant, the plaintiff sat down on a stool, which was on the defendant’s premises, for the purpose of trying on a pair of shoes which she contemplated buying, and that the stool collapsed; that the defendant negligently and carelessly allowed the stool to be present on the premises and negligently and carelessly failed to maintain the said stool in a reasonably safe condition and that the said stool was defective and that such defect was known or, in the exercise of reasonable care, should have been known to the defendant.
It is apparent to the Court that the testimony adduced was proper under the second count of the complaint, even if not under the first count of the complaint, a question which is not necessary for this court to decide. This court, however, has held that failure to prove the cause stated in the complaint may not defeat recovery by plaintiff if the proofs actually made present a meritorious claim under the current rules of civil procedure where there was no objection made to the evidence on the part of the opposite side during the trial. See Robbins v. Grace, Fla.App.1958, 103 So.2d 658.
The fact that the judge below gave a wrong reason for his directed verdict would not render his action therein reversible if, in fact, there was any basis for such directed verdict, so we now examine the evidence of the plaintiff to see if there was sufficient evidence upon which a jury could render a verdict in favor of the plaintiff.
The plaintiff testified that she went to the self-service shoe store of the defendant for the purpose of buying a pair of shoes; that she had never been in this particular store before; that on entering the store she looked around to find her size; that she then found a pair of shoes and saw the stool and sat down on it, putting her left shoe on; but when she put the other shoe on her right foot the stool collapsed; and that the stool was in an open position right up against the shelf where the shoes were located.
On cross-examination the plaintiff was asked:
“Q. Were there benches available in the store for you to sit on? A. I just remember one bench, and it had boxes and someone else sitting on it.
“Q. Was there room for you to sit down on the bench? A. Not without moving some things.
“Q. You couldn’t have moved in between the people and the boxes ? A. Well, I don’t know. There were people sitting along there.
“Q. You have no recollection of benches in the store other than the one you mentioned ? A. I don’t know of any other.”
On redirect examination the plaintiff testified :
*813 “Q. And that was a place where you could sit down and try on shoes?
A. Well, there was someone else on it and there were boxes on it and it was not vacant, but this stool was there and no one occupying it.
“Q. The stool that you sat on was open, sitting there? A. Yes.
“Q. Sitting right next to where you picked your shoes up, is that correct?
A. Yes, they were closer than the bench was.
“Q. What did you think the stool was there for? A. Well, I didn’t think, but of course, when there was a stool you usually think it was to sit on.”
An employee of the defendant, Mary Sue Singleton, testified that she had been an employee off and on and during the three weeks’ period immediately preceding the plaintiff’s fall; that the stool had always been there; that the stool was used to sit on to straighten the shoes on the bottom racks; and that the stool had a little rip in it about two or three inches long on the side of the stool before the accident.
Another witness, George Alvin Coburn, said he had seen the stool on the premises before the accident, that it had been there quite a while, having been purchased so that the girls could sit on it to straighten the bottom racks of shoes, and that it was used by the employees in the store for this purpose.
The plaintiff’s daughter, Alice Prince, who was with her at the time of the accident, testified in part as follows:
“Q. Was that bench filled when you and the others sat there, and the boxes? A. Yes, I believe I took up the last available space on the bench.
“Q. At that particular time in the store did you notice any other benches as you were right there? A. No, I didn t.
“Q. At the time your mother went over there to pick her shoes out, was this stool open or did she open it?
A. No. It was open.
“Q. Open in a sitting position? A. Yes, sir.”
A party moving for a directed verdict admits not only the facts shown by the evidence but also reasonable inference favorable to the adverse party that the jury might fairly and reasonably arrive at from the evidence. See Paul Spellman, Inc. v. Spellman, Fla.App.1958, 103 So.2d 661; Bryan v. Loftin, Fla.1951, 51 So.2d 724, 725; Teare v. Local Union No. 295, Fla. 1957, 98 So.2d 79; and Budgen v. Brady, Fla.App.1958, 103 So.2d 672.
The appellee, in its well prepared brief, states:
“We concede that plaintiff was an invitee of the defendant on entering the store for the purpose of purchasing shoes. However, we insist that the scope of the invitation to plaintiff was to try on shoes in the places and on the benches clearly designated for that purpose; that when plaintiff arbitrarily and wilfully used the stool on which the accident occurred, she exceeded the scope of here invitation becoming a bare licensee, with no obligation imposed on the defendant to keep the premises in a safe condition for her. (See Hickory House v. Brown, supra.)”
In the case of Hickory House v. Brown, Fla., 77 So.2d 249, above referred to, the Florida Supreme Court held that a contractor was an invitee where he was admitted to perform his work but that this invitation did not extend to an interior roof or scaffold upon which he stood to install air conditioning equipment in the restaurant of the owner. The court, in discussing the evidence, stated that the gravamen of the complaint was that the defendant knew or should have known of the defective condition of the interior roof, but negligently *814 failed to remedy the same; that the undisputed evidence showed that Hickory House either leased or purchased the buildings many years prior to the date of the accident, and that when they took over possession of the building the interior roof or scaffold referred to in the complaint was in the premises, and that it had not been structurally altered by the owners or agents of the Hickory House. The plaintiff, Brown, climbed upon the roof and a 2 x 4, which was nailed into the concrete block wall gave way and caused the roof to collapse and the plaintiff to fall and receive the injuries. The court concluded in the case that while the contractor was an invitee upon the premises, his invitation as an invitee did not include the right to use a structure inside the building obviously not designed to support workmen or great weights.
We do not think that Hickory House v. Brown, supra, accords with the facts in the instant case. The plaintiff testified that she had never been in defendant’s store before. The business conducted by the defendant was a self-service shoe store where the customers wait on themselves and fit their own shoes. We cannot conclude, as a matter of law, this customer should have known that the stool, located as it was adjacent to the shelves where the shoes were located, was not to be used for the purpose of trying on shoes that customers intended purchasing.
The issues that are presented in the instant case are extensively discussed in an annotation in 21 A.L.R.2d 421-465. The author of the annotation quotes the following language from 38 Am.Jur., Negligence sec. 131:
“ ‘ * * * The mere existence of a defective condition in a store or public place of business by which an injury is caused does not, as a matter of law, render the proprietor liable, unless he knew, or, in the exercise of reasonable care, ought to have known, of the defect. In accord with the general rule, the contributory negli- • gence of the customer is a defense which the proprietor may assert in an action by the customer to recover for an injury sustained upon the premises.’ ”
One of the cases cited in the annotation to illustrate the point that liability issues may properly be within the province of the jury is Economy Cash & Carry Cleaners v. Gitlin, 146 Fla. 242, 1 So.2d 191, 193. A metal chair in defendant’s place of business collapsed, causing injury to the customer-plaintiff. It appears from the facts that a careful examination was necessary to determine whether or not the clamps on the seat of the chair were fastened, but if so fastened the seat was incapable of giving way and doing injury to an occupant. It was possible for a person handling the chair or an occupant in leaving the same to unknowingly dislodge or unfasten the clamps at the front from the crossbar of the frame; and, while in this condition, the chair might become a dangerous instrumentality.
The defendant contended that it had used the chair in its place of business for more than one year without knowledge of its defective condition and that plaintiff had occupied the chair prior to sustaining her injuries and that therefore, as a matter of law, plaintiff should be denied recovery.
In answering these contentions, the Supreme Court stated:
“ * * * It appears to us that these several contentions are disputes and conflicts of facts appearing in the testimony to be settled by a jury under appropriate instructions(Emphasis added.)
It is also to be noted from the above annotation that not only have many jurisdictions held that factual situations similar to the instant case pose questions to be decided by the jury, but some states apply the doctrine of res ipsa loquitur on behalf of the plaintiff. Annotation 21 A.L.R.2d 421, at page 451.
*815 This court is of the opinion that it was for the jury to determine whether the plaintiff would be justified in believing that the stool was placed in its location for use by the customers of the store in trying on shoes; to further determine, therefore, if she was an invitee in the use of the stool; and finally whether or not the defendant was guilty of negligence in not discovering the defective condition of the stool prior to the accident in question.
We conclude that the testimony adduced by the plaintiff, standing as it did undenied, considered along with the inferences that flow therefrom favorable to plaintiff, required a jury trial and the lower court was in error in directing a verdict for the defendant.
Reversed for further proceedings not inconsistent with this opinion.
KANNER, J., concurs.
BARKER, ROGER A., Associate Judge, concurs in conclusion.