PER CURIAM.
The appellant sued the appellees, the owners and operators of a hotel, for injuries he received while a guest in the hotel, when a chair in the room assigned to him collapsed under him, causing him to fall with resultant injury. The appellees moved for summary judgment, which the trial court granted, and this appeal followed.
The appellant was the first occupant of a room in the hotel on a floor which was newly opened for occupancy of guests. He charged appellees with negligence in failing to furnish reasonably safe premises for his use as an invitee, by supplying a defective chair, and alleged that the appellees knew or by reasonable inspection could have and should have known that the chair was defective.
Appellees’ motion for summary judgment was supported by affidavits of the chief *399 housekeeper[1] and of the assistant manager of the hotel[2] stating they had inspected the room and furniture including the chair. Plaintiff filed an affidavit, in opposition to the motion, which described how the chair broke when he first sat on it.[3]
The question of negligence was one to be determined by a jury. Here it hinged on whether the chair was defective, and, if so, whether a reasonable inspection would have revealed the defect and whether the inspection which was made was reasonable and sufficient under the circumstances.
Appellant argues, and we must agree, that appellees’ affidavits were not sufficient to conclusively demonstrate that a reasonable and proper inspection of the chair was made. The alleged failure to inspect with which we are concerned here is an initial inspection of new premises by an innkeeper to determine if the premises meet the requirement for the innkeeper to provide his business invitees a reasonably safe place for their sojourn. Miller v. Shull, Fla.1950, 48 So.2d 521; Goldin v. Lipkind, Fla.1950, 49 So.2d 539, 27 A.L.R.2d 816; Rubey v. William Morris, Inc., Fla.1953, 66 So.2d 218; Steinberg v. Irwin Operating Co., Fla.1956, 90 So.2d 460, 58 A.L.R.2d 1198.
The appellant-plaintiff, in opposing the motion for summary judgment was entitled to the benefit of all inferences which were reasonably to be drawn from the facts disclosed. Gordon v. Hotel Seville, Fla.App.1958, 105 So.2d 175; Warring v. Winn-Dixie Stores, Fla.App.1958, 105 So.2d 915. Here, from the fact that the chair failed to support appellant, it could be inferred that it was defective. Whether the defect was one discoverable on reasonable inspection was an undetermined question. Since the defect, if present, was the failure of the chair to bear the weight of its first user, it was a permissible inference that it would have broken no matter who sat on it. The type of inspection the affidavits described was insufficient to foreclose the question of whether the appellees by a reasonable inspection could have or should have known of such defect, especially since the inspection did not include testing the chair for weight bearing; and the learned trial judge was in error in holding as a matter of law that the affidavits showed adequate inspection and conclusively determined the- issue of negligence. See Economy Cash & Carry Cleaners, Inc. v. Gitlin, 1941, 146 Fla. 242, 1 So.2d 191; Harvey v. Maistrosky, Fla.App.1959, 114 So.2d 810.
*400 The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.

. Her affidavit recited: “When the Maxwell Company had completely furnished and placed all of the furniture into the room number 830, it was my job to then make an inspection of the room examining all furniture and making sure that all was in proper condition. I personally examined all of the chairs and other furniture in the room and being fully satisfied that all was in good condition and that all furniture was present, I then turned the room number into the registration desk advising them that the room was ready for occupancy. I personally checked this room before advising the desk and found no defects in any way whatsoever in any of the chairs in the room.”

. His affidavit included: “After all chairs & furniture & furnishings were placed in room No. 830, I personally examined the entire room, handling & checking over the chairs and other furnishings and found nothing wrong or defective with any of the contents of this room.”

. Plaintiff, in his affidavit, said: “That on January 17, 1958, between 11:00 and 11:15 P. M. I went to my room on the 8th floor of the Carillon Hotel. I went into the room, turned on the television, pulled the chair that was in the room over in front of the T.V. set. The chair, as I recall, was made of wood and cloth. Just as I sat in the chair, and when my full weight rested on the chair seat, the chair suddenly collapsed under me, and I fell backward, injuring my back, head and' shoulders. I got up from the floor, and noticed one of the' rear legs of the chair was broken in half. * * ♦ Prior to my sitting in the chair as aforementioned, X had never had the occasion to sit in or make use of this particular chair that collapsed.”