PER CURIAM.
The plaintiff was a business invitee on the premises of the defendant, the operator of a clothing store. She fell in arising from a three-legged stool which she alleged was placed so that one or more of the legs were on a rug and one or more on a slick terrazzo floor. In her complaint, the appellant alleged injury by reason of the maintenance of an unsafe condition on the premises. The trial judge concluded that the facts were essentially undisputed and entered a summary final judgment as a matter of law for the defendant, appellee.
There is no controversy as to the evidentiary facts involved. The question is therefore whether or not these facts, viewed with all reasonable inferences for the plaintiff, are such that the defendant was entitled to the summary final judgment as a matter of law. Farrey v. Bettendorf, Fla.1957, 96 So.2d 889, 892; Schneider v. K. S. B. Realty & Investing Corp., Fla.App. 1961, 128 So.2d 398. The plaintiff, business invitee, was entitled to be furnished with a reasonably safe place to transact business with the defendant, appellee. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942); Miller v. Shull, Fla.1950, 48 So.2d 521. It is apparent that, under the conditions set forth, the determination of what was reasonable under the circumstances should be made by a jury. See Schneider v. K. S. B. Realty & Investing Corp., supra.
*442 Inasmuch as it appears that the injury-occurred the first time that the plaintiff, appellant, used the stool, this case is not such as to he an exception to the principle that contributory negligence is an issue ordinarily reserved for a jury. Saunders v. ICaplan, Fla.App.1958,'101 So.2d 181.
Having determined that the issues of negligence and contributory negligence should not have been tried upon the motion for summary judgment, the summary final judgment for the defendant is reversed.
Reversed.