PER CURIAM.
Defendant below, Grand Union, appeals from a final judgment for plaintiff after a jury verdict.
Plaintiff was injured in a Grand Union market when a wheel came off a shopping cart which she was pushing, causing the cart to topple, resulting in the plaintiff falling to the floor and injuring herself.
The case was vigorously and capably contested before the jury on the questions of liability and damage. A review of the record indicates that there was a jury question presented on the issue of whether the defendant Grand Union had been negligent. See Economy Cash & Carry Cleaners v. Gitlin, 146 Fla. 242, 1 So.2d 191 (1941); Harvey v. Maistrosky, Fla.App.1959, 114 So.2d 810; and Parce v. Flotsam, Inc., Fla.App.1966, 182 So.2d 440.
Notwithstanding the fact that there was sufficient evidence to sustain the jury verdict of negligence, it is necessary to reverse and remand this cause for a new trial solely on the question of damages.
*490 The evidence reflects that the plaintiff was a 77 year old woman who had previously suffered an injury in the course of her employment which had resulted in a finding that she was 100% permanently disabled by the Florida Industrial Commission. Her actual medical expenses involved herein were in the approximate amount of $3,600; and the jury returned a verdict for $40,000.
One of the attorneys for the plaintiff resorted to the use of a “golden rule argument” in his closing argument,[1] in addition to arguing matters which were not in evidence. Plaintiff’s attorney also accused the defendant of destroying evidence, to-wit, the grocery cart causing the accident, when there was no evidence presented that the defendant had destroyed such evidence. See Griffith v. Shamrock Village, Fla.1957, 94 So.2d 854.
In closing argument, the attorney for the plaintiff also made no reference to the specific amount of damages which he was seeking for his client for the injuries sustained in the fall. The attorney for the defendant in his reply made no reference to any specific amount of damages but advised the jury that he would leave the amount of damages, if any, to their judgment. In closing, plaintiff’s attorney told the jury that he thought the sum of $65,000 would be reasonable under the circumstances. The attorney for the defendant objected and moved for a mistrial but before the court could rule on this matter, plaintiff’s counsel again mentioned the specific figure and the trial judge thereafter sustained the objection. See Seaboard Air Line Ry. v. Rentz, 60 Fla. 449, 54 So. 20 (1910); Carlton v. Johns, Fla.App.1967, 194 So.2d 670; Heddendorf v. Joyce, Fla.App.1965, 178 So.2d 126.
The collective impact of the aforesaid actions by the plaintiff’s attorney resulted in inflaming and prejudicing the jury against this corporate defendant.
We find that based on and limited to the facts in this case, the actions of the plaintiff’s attorney were improper in that they prejudiced the jury and we reverse and remand this cause for a trial on the sole question of damages.
It is so Ordered.

. See Bullock v. Branch, Fla.App.1961, 130 So.2d 74.