PER CURIAM.
Upon review of the record we are of the view that the trial court erred in setting aside the verdict of the jury in favor of the appellants, lessees in this landlord and tenant dispute.
After a dispute arose as to the timeliness of payments due by the tenant, Eduardo Caso, Caso vacated the premises. When the landlord, Stanley Nelson, Inc., sued for breach of lease, Caso counterclaimed alleging that the landlord had breached the lease and had constructively evicted him from the premises. The jury returned a verdict for the tenant. Subsequently, the trial court set aside the verdict on the grounds that there was no evidence that the landlord breached the lease or constructively evicted the tenant.
There was evidence presented at trial indicating that the tenant did not timely make a payment under the lease which provided for payment of a percentage of the tenant’s gross sales in his shoe business in addition to the usual periodic lease payments. However, there was also evidence that the landlord indicated to the tenant that this default would be waived if the tenant made the payment by a date certain and that the tenant immediately mailed the payment to the landlord several days before the date certain. The landlord, however, contrary to the agreement to extend the date and before the date certain arrived, advised the tenant that he was in breach of the lease and that a new lease, at a rate substantially in excess of the rate provided in the existing lease, would have to be executed. The landlord also refused to accept the next timely periodic lease payment tendered by the tenant. Finally, the tenant overheard a conversation in which the principal of the landlord stated that the tenant would be locked out of the premises the next morning. In anticipation of being locked out the tenant vacated the premises.
Of course, all of this evidence was substantially disputed by the landlord. However, the trial court was obligated to construe the evidence most strongly in favor of the tenant when considering the *670 landlord’s motion for directed verdict, and direct a verdict only in the complete absence of evidence to support the tenant’s case. Sun Life Insurance v. Evans, 340 So.2d 957 (Fla. 3d DCA 1976). We believe this evidence is sufficient to support a claim of constructive eviction and breach of the lease. Ruotol Corp., N.W., Inc. v. Ottati, 391 So.2d 308 (Fla. 4th DCA 1980). Under this evidence the jury was entitled to conclude that the landlord, after first agreeing to accept the late payment, changed his mind and decided to use the situation to coerce the tenant into executing a lease at a much higher rate. The landlord’s refusal to accept the subsequent monthly payment may be construed as further evidence of this intent. The landlord’s express statement that the tenant was to be locked out the next day only served to confirm the tenant’s belief that he was being coerced into either executing a new lease or getting out. Under these circumstances we do not believe the jury would have erred in concluding that the tenant was constructively evicted from the premises.
We also believe there was adequate evidence presented to sustain the jury’s award of damages. The landlord complains that the lease was with the tenant individually while the tenant’s corporation operated the business on the premises. The tenant leased the space to operate a shoe business. Indeed, a portion of the rent was based on the sales in the shoe business. Under these circumstances we do not believe the tenant was foreclosed from establishing damages to the business despite the fact that the tenant operated the business in a corporate form. Indeed, the landlord, in its pretrial statement listed the nature of the landlord’s relationship with the tenant and the tenant’s corporation as factual issues to be tried by the jury. The landlord listed one issue as being whether the landlord “conducted business with the two defendants as one entity without differentiation.” There is substantial evidence that the landlord did so conduct business and is now estopped to complain.
Accordingly, we reverse the order of the trial court setting aside the jury verdict and granting a new trial to the appellee and remand with instructions to reinstate the jury verdict and enter judgment thereon.
ANSTEAD and HURLEY, JJ., and MINER, CHARLES E., Jr., Associate Judge, concur.