DELL, Judge.
Appellee Dutch Realty, Inc. (the broker) sued appellant Amerifirst Federal Savings and Loan Association (Amerifirst) for recovery of a real estate commission. Ameri-first filed a third party claim in indemnity against the buyer, appellee First Baptist Church of Boynton Beach (the Church).
John Shudlick, the owner of the brokerage firm, through his affiliation with the Church, knew of the Church’s need to purchase a parcel of real property. A salesman employed by the broker initiated the negotiations for the purchase of Ameri-first’s property. Amerifirst originally offered to sell the property to the Church for $690,000 but eventually lowered its price to $485,000. At a meeting attended by Shud-lick, the pastor of the Church and one or more of Amerifirst’s representatives, the Church offered to purchase the property *971 for $400,000. Amerifirst said that it would accept $400,000 only as a net figure; it would not pay a broker’s commission at that price. No one in attendance at the meeting responded to this statement. Subsequent negotiations took place without the assistance of the broker. The transaction closed at a price of $400,000, pursuant to a contract containing the following indemnity provision:
Both Seller and Buyer warrant and represent to each other that there is no brokerage claim, obligation, debt or liability due any broker, salesman, or finder in regard to this transaction. Each party agrees to guaranty and hold harmless the other against any such claim. Buyer, without limiting the foregoing, specifically agrees to indemnity and hold harmless Seller against any claim by Dutch Realty, Inc.
The broker filed suit against Amerifirst for its commission and Amerifirst filed a third party action against the Church for indemnity. The trial court denied Ameri-first’s motion for a directed verdict against the broker’s claim and granted the Church’s motion for a directed verdict in the third party action. The jury returned a $20,000 verdict in favor of the broker.
Amerifirst contends the trial judge erred in its rulings on the motions for a directed verdict and argues, as it did in the trial court, that the broker waived any claim that it might have had against Ameri-first for commissions arising out of this transaction.
On motion for directed verdict, the court must view the evidence, and all reasonable inferences that can be drawn from the evidence, in the light most favorable to the non-moving party. All conflicts in the evidence must be resolved in favor of the non-moving party. Burmeister v. American Motorists Ins. Co., 403 So.2d 541 (Fla. 4th DCA 1981). It may direct a verdict only in the complete absence of evidence to support the non-movant’s case. Caso v. Stanley Nelson, Inc., 419 So.2d 668 (Fla. 4th DCA 1982). No express waiver of commission appears of record. Further, Shud-lick testified that he did not know of the later negotiations between Amerifirst and the Church and that he first learned of the later negotiations after the sale had closed. Viewing the facts in the light most favorable to the broker, the record contains sufficient evidence from which the jury could reasonably conclude that the broker did not waive its claim for a commission. The trial court did not err when it denied Ameri-first’s motion for a directed verdict.
We reach a different conclusion with respect to the court’s order granting the Church’s motion for a directed verdict. Although some evidence indicates that the broker considered Amerifirst as its client, the negotiations came about as a result of Shudlick’s affiliation with the Church and the resulting knowledge of the Church’s desire to purchase a parcel of real property. The broker’s salesman testified that the Church was the broker’s client. The Church included in its agreement with Am-erifirst a provision stating that it would indemnify Amerifirst for any claims made by the broker. The evidence presents a question of fact as to the Church’s obligation to indemnify Amerifirst which the trial court should have submitted to the jury. Therefore we hold that the trial court erred when it entered a directed verdict in favor of the Church.
We affirm the judgment in favor of Dutch Realty and against Amerifirst. We reverse the judgment in the third party action in favor of the Church and remand this case for further proceedings.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and ANSTEAD, J., concur.