[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Harold Weingerl has filed a motion to strike the fifth count of the second revised complaint dated September 17, 1990. The fifth count is basically the same as the ninth count in a prior complaint which was the subject of a motion to strike filed by the defendant City of Derby. Several counts of the complaint were stricken, but the motion was denied as to the ninth count on the ground that the City of Derby did not have standing to raise a motion to strike the ninth count, which was against Weingerl individually for interfering with the prospective economic advantage of the plaintiff in securing a promotion. See Memorandum of Decision, August 15, 1990. Since a party with standing has now filed the motion to strike, the court can consider it.
With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. While a motion to strike admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108. The law of tortious interference with a contract or intentional interference with prospective economic advantage, as applied to the facts of this case, is discussed in pages 12 through 16 of the Memorandum of Decision on the prior motion to strike dated August 15, 1990. There is no reason to recite the law and extensively discuss the facts. The defendants Norwood, Pedevellano and Weingerl, are the three members of the Board of Police Commissioners of the City of Derby. Contracts of employment between the City and individual police officers are entered into by the Board of Police Commissioners, which includes Weingerl. The general rule is that there can be no intentional interference with contractual relations by CT Page 2918 someone who is directly or indirectly a party to the contract. See citations on page 15 of Memorandum of Decision. The individual members of the Board of Police Commissioners are directly a party to the contract. As stated in Murray v. Bridgeport Hospital, 20 Conn. Sup. 56,60, 61, "an agent acting legitimately within the scope of his authority cannot be held liable for interfering with or inducing his principal to breach a contract between his principal and a third party, because to hold him liable would be, in effect, to hold the corporation liable in tort for breaching its own contract. Bowman v. Grolsche Bierbrouwerij B. V., 474 F. Sup. 725, 733 (D. Conn. 1979). An agent, however, can be held liable for such interference or inducement if he did not act legitimately within the scope of duty but used the corporate power improperly for personal gain."
In paragraph 8 of the fifth count the plaintiff alleges that the three police commissioners, including Weingerl, "at all times mentioned hereinafter . . . were acting within the scope of their employment." While the complaint alleges that the defendant Orts was given copies of answers to questions for the police lieutenant's exam by Weingerl, there is no allegation in the complaint of any personal advantage obtained by Weingerl for supplying the answers. The complaint in its present form does not state a cause of action against Weingerl for tortious interference with a prospective contract or economic advantage for a possible employment contract with the Board of Police Commissioners acting for the City of Derby.
The motion to strike the fifth count of the second revised complaint is granted.
ROBERT A. FULLER, JUDGE