WHATLEY, Judge.
Vera Yuniter appeals the entry of summary judgment in favor of A & A Edgewater of Florida, Inc. (the motel). We reverse.
Yuniter rented a room at the motel for an extended period. Over a week into her stay, Yuniter had an accident in her room. She attempted to stand from the chair in which she was sitting, using the chair’s arms as support, and the right leg of the chair apparently broke, causing Yuniter to fall to the floor.
As a result, Yuniter filed a negligence action against the motel alleging that she suffered injuries in this accident due to the motel’s negligent inspection and/or maintenance of the chair and its failure to repair the chair or warn of its condition. Yuniter also alleged she was unaware of- any danger in using the chair. The motel moved for summary judgment contending it was not put on reasonable notice that the chair posed any danger to Yuniter, and therefore, it had no duty to warn of a dangerous condition. In support of its motion, the motel filed a memorandum of law asserting the reasonableness of its inspection of the chair and the lack of any notice from Yuniter of a defect in the chair.
With regard to the motel’s inspection, the documentation submitted with the memorandum of law showed that, due to the small size of Yuniter’s room, the cleaning personnel would turn the chair in question upside down on the bed in order to vacuum. The chair’s legs were dusted in this upside down position. No defect was observed. Further, the motel contended that approximately six weeks before the accident, one of its owners had inspected the chair and found no defect. The chair had been moved from another room to Yuniter’s room before her arrival. The motel had purchased the chair some years before at a used furniture store.
As a registered guest, Yuniter was a business invitee of the motel. See Steinberg v. Irwin Operating Co., 90 So.2d 460 (Fla.1956). As such, she was owed two duties by the motel: “(1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care.” Emmons v. Baptist Hosp., 478 So.2d 440, 442 (Fla. 1st DCA 1985). These duties do not involve insuring the safety of business invitees, or exercising more than ordinary care. Id.
In fulfilling the first duty to maintain the premises in a reasonably safe condition, landowners must conduct inspections appropriate for the premises involved. “Generally questions concerning whether a proper inspection, if made, would have revealed alleged defects are considered genuine triable issues.” Black v. Heininger, 163 So.2d 3, 6 (Fla. 2d DCA 1964).
Thus, summary judgment was inappropriate because whether the motel’s inspection of the chair was reasonable was for a jury to determine. In addition, the pleadings reveal a genuine issue of fact of whether Yuniter could have discovered the danger the chair posed through the exercise of due care.
The motel also postures that because Yuniter was in the room for more than a week before the chair collapsed, she was in a superior position to discover any alleged defect. This is an appropriate argument to *765 submit to the trier of fact, but not to use to prevail on summary judgment.
Accordingly, we reverse the entry of summary judgment in favor of A & A Edgewater of Florida, Inc., and remand for reinstatement of Yuniter’s complaint.
Reversed and remanded.
PATTERSON, A.C.J., and BLUE, J., concur.