717 So.2d 199 (1998)
Paula FONTANA, Appellant,
v.
WILSON WORLD MAINGATE CONDOMINIUM, etc., Appellee.
No. 97-2580.
District Court of Appeal of Florida, Fifth District.
September 18, 1998.
W. Jeffrey Barnes, of J. Barnes & Associates, P.A., Boca Raton, for Appellant.
J. Scott Kirk and Michael D. Begey of Rumberger, Kirk & Caldwell, Orlando, for Appellee Wilson World Maingate Condominium Association.
HARRIS, Judge.
Fontana, while a guest of appellee's hotel, sat in a chair which was defective causing it to collapse and injure her. At the conclusion of her case, the court directed a verdict in favor of appellee because there was no evidence of actual or constructive notice as to the condition of the chair. We reverse.
Appellee does not deny that the chair was defective.[1] It contends only that there was no showing that it knew or reasonably should have known of the defective condition. Admittedly, there was no evidence offered as to how long the chair had been defective. The injury occurred shortly after Fontana checked into the hotel. But the defect described by the plaintiff should have been apparent had appellee checked the chair.
Even though a hotel is not an insurer, it nevertheless owes its guests the duty of ordinary and reasonable care. One who conducts a business in which the public is invited to enter owes a duty to such invitees with respect to their safety. This duty may vary with the circumstances of the case. See Economy Cash & Carry Cleaners, Inc. v. Gitlin, 1 So.2d 191, (Fla.1941). The situation *200 involved in this case is not like a normal slip and fall case in which the danger is a pool of liquid or a banana peel on the floor which would be readily apparent from a visual inspection at reasonable intervals; here, the defect was hidden. Housecleaning personnel merely looking at the chair would not have observed danger. The record indicates that the chair was heavy. The fact that rusty scissors were found under the chair indicates that the chair may not have been moved (or touched) during room cleaning for some period of time. Even though the defendant might have put on contrary evidence had the directed verdict not been entered, the fact is that the only record evidence is that appellee had no procedure in place for the inspection or maintenance of its furnishings. Thus, at the time the directed verdict was entered, there was evidence that appellee did not check the condition of its furniture to see that it was in a safe condition. Even ordinary wear and tear over a period of time can become a hazard. The jury could have found that the owner's ostrich-like approach to the safety of its premises did not meet its obligations to its invitees. In a situation such as this where there is evidence that the hotel has no inspection procedure and where an overnight guest is injured because of a defective condition that existed prior to such guest checking into the hotel, a condition that would have been discovered upon a reasonable inspection, the issue of negligence should have gone to the jury.
REVERSED and REMANDED for a new trial.
GOSHORN, J., concurs.
PETERSON, J., concurs in result only.
NOTES
[1] For the purpose of this appeal, it can hardly do otherwise. Since this is a directed verdict case, only the plaintiff's witnesses testified. Her evidence shows that the chair was broken at the swivel and, even though the defendant's opening statement contests this fact, no evidence challenging her testimony is in the record.