DAMOORGIAN, J.
Fetterman & Associates, P.A. (“Fetter-man”) appeals the trial court’s order denying its motions for directed verdict and new trial. Fetterman was the defendant in a negligence suit in which Robert Fried-rich sued Fetterman for failing to warn him of a defective chair located in Fetter-man’s office. We reverse the trial court’s order denying Fetterman’s motion for directed verdict and remand for entry of judgment in favor of Fetterman.
At trial, the evidence established the following facts. While at Fetterman’s law office, the chair in which Friedrich was sitting collapsed. Friedrich sustained injuries in the fall. Friedrich sued Fetter-man for negligence, alleging that he was a business invitee when the chair collapsed and that Fetterman had negligently failed to warn Friedrich of the chair’s dangerous condition. The chair was purchased new and was used without incident from its date of purchase in 1998 through 2003 when the accident occurred.
During the trial, both parties produced engineering experts who agreed that the collapse resulted from a defective joint on the right side of the chair. The defect occurred during the manufacturing process and the joint had been further weakened by a poorly performed repair. The repair could have occurred anytime between the date of manufacture to the day of the accident, although the exact date could not be determined. Friedrich’s expert stated that he inspected his own chairs approximately every six months, and that a “hands-on inspection” of the chair before the accident should have revealed the weak joint. The expert explained that a hands-on inspection entailed flexing the joint by pulling on the chair leg. He then conceded that it was possible that a flex-test may not have revealed the weak joint since it was not possible to determine *967 when the joint began to weaken to the point that the legs would have begun to flex under the test. Finally, a visual inspection would not have revealed the defect.
Fetterman moved for a directed verdict at the close of Friedrich’s case, at the close of all evidence, and again at the close of the charge conference. All motions were denied. The jury found that Fetterman was partially liable for Friedrich’s damages. Post-trial, Fetterman moved to set aside the verdict and enter judgment in accordance with the previous motions to direct verdict, or, in the alternative, to grant a new trial on the grounds that the verdict was against the manifest weight of the evidence. The court denied these motions as well.
On appeal, Fetterman argues, among other things, that assuming due care required inspection of the chairs at six-month intervals, Fetterman’s failure to perform these inspections did not cause the accident since Friedrich’s expert could not opine that conducting the flex-test at any point during the six months preceding the accident would have revealed that the chair was defective. Accordingly, there was a lack of proof establishing á causal connection between Fetterman’s failure to periodically conduct flex-testing on its office chairs and the accident.
The standard for reviewing a trial court’s ruling on a motion for directed verdict is de novo. Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So.3d 247, 250 (Fla. 4th DCA 2009). “[A]n appellate court must affirm the denial of a motion for directed verdict if any reasonable view of the evidence could sustain a verdict in favor of the non-moving party.” Id. (citing Amerifirst Fed. Sav. & Loan Ass’n v. Dutch Realty, Inc., 475 So.2d 970, 971 (Fla. 4th DCA 1985)).
A business owner has a duty to determine that its premises are reasonably safe for invitees, and is required to use reasonable care to learn of any dangerous conditions on its premises.[1] Cain v. Brown, 569 So.2d 771, 772 (Fla. 4th DCA 1990). As we noted in Cain, the duty imposed upon a business to discover otherwise unknown dangers was best articulated by Judge Cowart’s scholarly analysis in Winn-Dixie Stores, Inc. v. Marcotte, 553 So.2d 213 (Fla. 5th DCA 1989):
[T]he legal liability of a premises possessor for injuries resulting from dangers not actually known by the possessor pri- or to the injury is based on a breach of the legal duty to use reasonable care to look for, and to discover, reasonably foreseeable but not actually known dangerous conditions.... This duty of a premises possessor to look for unknown dangerous conditions not created by the possessor or his agents is breached by the possessor not making a reasonably diligent search or inspection at reasonable intervals- of time.... The trial of any such premises liability action involves ... evidence as to the defendant’s actual actions relating to the extent and frequency of inspections actually made.... [I]f the injured invitee fails to prove ... that the dangerous condition existed a length of time prior to the injury in excess of a reasonable period between inspections, the possessor should not be held liable for injury caused by that dangerous condition. In such a case, the length of time the dangerous condition existed prior to the in *968 jury is an indispensable factor in determining liability.
Id. at 215.
The issue in this case is whether Fried-rich presented competent evidence establishing that Fetterman had a duty to periodically inspect its office furniture for hidden defects and that such periodic inspections would have placed Fetterman on notice of the defect. In other words, did the evidence “prove that the dangerous condition existed a length of time pri- or to the injury in excess of a reasonable period between inspections.” Id.
The evidence established that Fetter-man had no prior knowledge that the chair was defective or that the chair had been repaired. Friedrich’s engineering expert admitted that he did not know when the repair work had been performed, and that it could have occurred anytime between the date of manufacture to the day of the accident. Next, Friedrich’s expert opined that he inspected his office chairs every six months and that periodic inspections of office chairs was reasonable. The expert offered no other time frame for inspections. Finally, this expert testified that a flex-test would have revealed the defect in the chair, but provided no time frame concerning how long before the accident such testing would have been effective. On cross-examination, Friedrich’s expert acknowledged that flex-testing may not have revealed the defect until just before the collapse.
Even if the jury concluded that due care required Fetterman to inspect its chairs at regular six-month intervals, the jury had no basis from which to conclude that Fetterman would have discovered the defect in the chair without receiving evidence as to how long before the accident flex-testing would have revealed the defect. In this case, the lack of evidence establishing when the flex-test would have revealed the defect in the chair prior to the injury was an indispensable factor in determining liability. See id.[2]
Accordingly, Fetterman’s motion for directed verdict should have been granted. We reverse and remand for entry of judgment in favor of Fetterman.

Reversed and Remanded.

MAY, C.J., concurs.
LEVINE, J., dissents with opinion.

. To recover for negligence under Florida law, the plaintiff must prove that (1) the defendant owed him a legal duty; (2) the defendant breached that duty; (3) the plaintiff suffered injury as a result of that breach; and (4) the injury caused damage. Kayfetz v. A.M. Best Roofing, Inc., 832 So.2d 784, 786 (Fla. 3d DCA 2002).

. " ‘In negligence actions Florida courts follow the more likely than not standard of causation and require proof that the negligence probably caused the plaintiff’s injury.’" Tarleton v. Amstein & Lehr, 719 So.2d 325, 328-29 (Fla. 4th DCA 1998) (quoting Gooding v. Univ. Hasp. Bldg., Inc., 445 So.2d 1015, 1018 (Fla.1984)). Further, the Gooding court noted:
On the issue of the fact of causation, as on other issues essential to his cause of action for negligence, the plaintiff, in general, has the burden of proof. He must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.
Gooding, 445 So.2d at 1018 (quoting Prosser, Law of Torts § 41 (4th ed. 1971)).