LEVINE, J.,
dissenting.
I respectfully dissent from the majority opinion and would affirm the trial court’s denial of the directed verdict for Fetter-man. The “appellate court must affirm the denial of a motion for directed verdict if any reasonable view of the evidence could sustain a verdict in favor of the non-moving party.” Meruelo v. Mark Andrew of Palm Beaches, Ltd., 12 So.3d 247, 250 *969 (Fla. 4th DCA 2009). Further, the trial court’s denial of a motion for new trial is reviewed by the appellate court for abuse of discretion. Parisi v. Miranda, 15 So.3d 816, 817 (Fla. 4th DCA 2009). I believe that viewing the evidence submitted by Friedrich, there is a reasonable “view of the evidence” that could sustain the trial court’s denial of Fetterman’s motion for directed verdict.
When reviewing negligence actions “courts follow the more likely than not standard of causation” which requires the plaintiff to “introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result.” Tarleton v. Amstein & Lehr, 719 So.2d 325, 328-29 (Fla. 4th DCA 1998) (quoting Gooding v. Univ. Hosp. Bldg., Inc., 445 So.2d 1015, 1018 (Fla.1984)).
Friedrich was a business invitee of Fet-terman. As such, Fetterman owed to Friedrich a duty “(1) to use reasonable care to maintain [its] premises in a reasonably safe condition and (2) to warn the invitee of any concealed dangers that the owner knows or should know about, which are unknown to the invitee and cannot be discovered by the invitee through due care.” Morales v. Weil, 44 So.3d 173, 178 (Fla. 4th DCA 2010); see also Yuniter v. A & A Edgewater of Fla., Inc., 707 So.2d 763, 764 (Fla. 2d DCA 1998). In Yuniter, a hotel guest attempted to stand on a chair when the leg broke, causing injury to the guest. In reversing the order granting summary judgment in favor of the hotel, the appellate court found that “[generally questions concerning whether a proper inspection, if made, would have revealed alleged defects are considered genuine triable issues.” Id. at 764 (citation omitted). The court determined that “the first duty” of the hotel was to “maintain the premises in a reasonably safe condition” and to “conduct inspections appropriate for the premises involved.” Id. The court concluded that summary judgment was “inappropriate because whether the motel’s inspection of the chair was reasonable was for a jury to determine.” Id.
In Fontana v. Wilson World Maingate Condominium, 717 So.2d 199 (Fla. 5th DCA 1998), a guest in a hotel was injured while sitting in a chair that collapsed. The trial court directed a verdict for the hotel, finding that there was no evidence that the hotel had notice as to the condition of the chair that collapsed. The Fifth District reversed, determining that the “defect was hidden” and that the hotel “had no procedure in place for the inspection or maintenance of its furnishing.” Id. at 200. The court concluded that the “jury could have found that the owner’s ostrich-like approach to the safety of its premises did not meet its obligations to its invitees.” Id.
As the Florida Supreme Court recently articulated in Cox v. St. Josephs Hospital, 71 So.3d 795, 2011 WL 2637421 (Fla.2011):
[W]hile a directed verdict is appropriate in cases where the plaintiff has failed to provide evidence that the negligent act more likely than not caused the injury, it is not appropriate in cases where there is conflicting evidence as to the causation or the likelihood of causation. If the plaintiff has presented evidence that could support a finding that the defendant more likely than not caused the injury, a directed verdict is improper.
It is well established that “[i]f there is any evidence to support a possible verdict for the non-moving party, a directed verdict is improper.” McNichol v. S. Fla. Trotting Ctr., Inc., 44 So.3d 253, 255 (Fla. 4th DCA 2010); Brown v. Kaufman, 792 So.2d 502, 503 (Fla. 4th DCA 2001).
In the present case, there was no evidence that Fetterman had inspected the chair in the years preceding its collapse. *970 Friedrich presented an expert witness who testified that a “hands-on inspection of the chair before the accident should have found” the “weak joint” in the rear, right side of the chair. On cross-examination, that same expert stated that he inspects the chairs in his own office. When asked “how often” he does so, he stated that “[wjhenever I — probably every six months or so. Actually me and [my] wife just bought a table and chairs and I did an inspection of those chairs.” Whether the weak joint in the chair would have been discovered, if Fetterman had a procedure in place to inspect the chair, was an issue ultimately to be determined by the jury.
In this case, there is sufficient “proof that the negligence probably caused the plaintiffs injury,” such that the trial court did not err in denying Fetterman’s motion for directed verdict. Gooding, 445 So.2d at 1018. In conclusion, I would affirm the judgment for Friedrich.